UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY PAUL S.,[1] | |
| Plaintiff, | Case No. 1:23-CV-00129-BLW-DKG |
| v. | **REPORT AND RECOMMENDATION** |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2] | |
| Defendant. | |

## INTRODUCTION

On March 30, 2023, Plaintiff filed a Complaint seeking judicial review of the Commissioner's denial of his applications for disability and disability insurance benefits. (Dkt. 1). The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), and is fully briefed. (Dkt. 11, 19, 20, 21). Having carefully reviewed the parties' memoranda and the entire Administrative Record (AR), the Court will recommend that the decision of the Commissioner be reversed and remanded for further proceedings for the reasons set forth below.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021. Fed. R. Civ. P. 25(d).

## BACKGROUND

On September 4, 2019, Plaintiff filed a Title II application for a period of disability and disability insurance benefits and, on December 9, 2019, filed a Title XVI application for supplemental security income. The applications allege disability beginning on August 1, 2017. Plaintiff meets the insured status requirements through March 31, 2022. The applications were denied initially and on reconsideration.

A hearing was conducted on April 1, 2022, before Administrative Law Judge (ALJ) Stephen Marchioro.[3] After considering testimony from Plaintiff and a vocational expert, on April 15, 2022, the ALJ issued a written decision finding Plaintiff not disabled. (AR 13-28). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

At the time of the alleged disability onset date, Plaintiff was forty-seven years of age. (AR 26). Plaintiff is at least a high school graduate with past relevant work experience as a painter. (AR 26). Plaintiff claims being unable to work due to seizure disorder, stroke, anxiety, depression, schizoaffective disorder, and migraine headaches.

---

[3] The hearing was conducted telephonically due to the Coronavirus Pandemic of 2019 (COVID-19). (AR 13, 36-39).

**THE ALJ DECISION**

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential process in determining whether a person is disabled or continues to be disabled within the meaning of the Social Security Act (SSA). *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1594; 416.920(a)(4)(i)-(v), 416.994.

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 15). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: CVA/stroke with residual, intermittent right-sided weakness, migraine headaches, a seizure disorder, anxiety, depression, and a schizoaffective disorder. (AR 16). The ALJ further concluded that Plaintiff's pneumonia, neck and lower back impairments, and additional impairments were not medically determinable impairments. At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 18-19).

The ALJ next found Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except the

claimant can occasionally climb ramp and stairs; can never climb ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, or crawl; and must avoid all exposure to unguarded moving mechanical parts and unprotected heights. The claimant is limited to work consisting of no more than simple and routine tasks; can tolerate occasional changes in the work setting; is precluded from work involving production rate pace (e.g., assembly line work); and can tolerate occasional interactions with members of the public. (AR 21).

At step four, the ALJ concluded Plaintiff is not capable of performing his past relevant work. (AR 26). Relying upon testimony from the vocational expert, the ALJ concluded at step five that jobs exist in significant numbers in the national economy that Plaintiff can perform given his age, education, work experience, and RFC, such as: merchandise marker, domestic laundry worker, and collator operator. (AR 27-28). The ALJ therefore determined Plaintiff was not disabled.

## ISSUES FOR REVIEW

1. Whether the ALJ properly evaluated the medical opinion evidence.

2. Whether the appropriate remedy is remand for further review or for an immediate award of benefits.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"
*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id.* at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117-1122

(9th Cir. 2012).

## DISCUSSION

**1.    ALJ Erred in Considering the Medical Opinion Evidence**

The parties agree that the ALJ's decision contains reversible error regarding the evaluation of the opinions of the State agency psychological consultants – Mack Stephenson, PhD, and Michael Dennis, PhD. (Dkt. 19, 20, 21). Specifically, that the ALJ erred in failing to address the psychologists' findings that Plaintiff's impairments cause moderate limitations in his ability to understand and remember detailed instructions, and his ability to sustain concentration and consistent pace, and that Plaintiff is able to perform 1-2 step tasks. (AR 79, 96, 106, 109-110, 116, 119-120).

Having carefully reviewed the record, the Court agrees that the ALJ committed harmful legal error in evaluating the medical opinion evidence for the reasons stated by the parties. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002-1003 (9th Cir. 2015) (finding an apparent inconsistency between reasoning level 2 and a limit to 1-2 step instructions); *Molina*, 674 F.3d at 1117 (an error is not harmless if it "alters the outcome of the case"); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (The ALJ's errors were not harmless because they were not "inconsequential to the ultimate nondisability determination."). Therefore, the disability determination is not supported by the record and reversal is required.

2.     **Remedy**

The parties disagree concerning the appropriate remedy. Plaintiff argues remand for an immediate award of benefits is proper. (Dkt. 19, 21). Defendant contends remand for further administrative proceedings is necessary to allow the ALJ to reconsider the pertinent issues, reevaluate the medical opinion evidence, further develop the record as necessary, and issue a new decision. (Dkt. 20).

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors or there are outstanding issues on which further proceedings would be useful, remand is appropriate. *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017): *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman*, 211 F.3d at 1179-81. In general, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Here, the ALJ erred in evaluating the medical opinion evidence by failing to address the State agency consultants' findings that Plaintiff could perform 1-2 step tasks. The ALJ did not include the 1-2 step task limitation in the hypotheticals posed to the vocational expert or in the RFC. However, in response to Plaintiff's attorney, the vocational expert testified that if Plaintiff were limited to 1-2 step tasks, there would not be any jobs available in the national economy that Plaintiff could perform. (AR 61-62). Thus, had the ALJ adopted the State agency findings, he would have found Plaintiff disabled at Step Five. *Molina*, 674 F.3d at 1117 (harmful error "alters the outcome of the case"). That, however, does not end the disability inquiry or determine the appropriate remedy here.

If the Commissioner finds a claimant is disabled and there is medical evidence of a drug addiction or alcoholism, the ALJ "must determine whether [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535, 416.935. This analysis is known as "DAA," Drug Addiction and Alcoholism.

Here, Plaintiff was diagnosed with alcohol use disorder in 2019, and the medical record contains evidence of alcoholism and drug use. (AR 17). Indeed, Stephenson considered DAA and concluded that Plaintiff has a significant history of substance DAA, the most recent exam findings taken during periods of sobriety note significantly improved function, Plaintiff is currently sober and currently

demonstrates an RFC to sustain light unskilled work activity and ability to adjust to other work, and, therefore, DAA is not material. (AR 74, 91). Similarly, the ALJ mentioned the possibility of conducting the DAA analysis at the outset of the hearing, but ultimately did not perform the DAA analysis in the written decision after having concluded Plaintiff was not disabled. (AR 40, 13-28); 20 C.F.R. §§ 404.1535, 416.935 (DAA analysis required <u>if</u> the ALJ determined the claimant is disabled and there is medical evidence showing drug addiction and alcoholism).

Thus, before it can be determined that Plaintiff is disabled, an ALJ must perform a DAA analysis. *See* 42 U.S.C. § 423(d)(2)(C) (A claimant "shall not be considered disabled…if alcoholism or drug addiction would…be a contributing factor material to the…determination that the individual is disabled."). Additionally, remand for further proceedings is appropriate to allow the ALJ to properly address the State agency findings concerning the limitation to 1-2 step tasks and to determine whether the limitation should be incorporated into the RFC. For these reasons, the Court finds remand for further administrative proceedings is appropriate under the circumstances presented in this case. *Leon*, 880 F.3d at 1044.

## <u>RECOMMENDATION</u>

**NOW THEREFORE IT IS HEREBY RECOMMENDED** that:

1)     The decision of the Commissioner of Social Security be **REVERSED**;

2)     This action be **REMANDED** to the Commissioner for further

proceedings consistent with this opinion;

3)    The Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002); and

4)    Judgment be **ENTERED** in favor of Plaintiff.


Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.


DATED: October 31, 2023

Honorable Debora K. Grasham
United States Magistrate Judge