UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JEFFERY PAUL SADDLER, | Case No. 1:23-cv-00129-BLW-DKG |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| COMMISSIONER, SOCIAL SECURITYADMINISTRATION, | |
| Defendant. | |

Before the Court is a Report and Recommendation entered by United States Magistrate Judge Debora K. Grasham (Dkt. 22) and Petitioner's Objection (Dkt. 23). For the reasons explained below, the Court will overrule the Objection, adopt the Report and Recommendation in its entirety, and affirm the Commissioner's decision.

## BACKGROUND

Saddler filed applications for Disability Insurance Benefits and Supplemental Security Income on September 4, 2019, and December 9, 2019 respectively, alleging disability beginning August 1, 2017. The claims were denied initially on August 27, 2020, and upon reconsideration on May 19, 2021. A hearing was held before Administrative Law Judge (ALJ) Stephen Marchioro on April 1,

2022. On April 15, 2022, the ALJ denied Saddler's application for Social Security Disability benefits and Supplemental Security Income benefits. The Appeals Council denied his request for review on January 24, 2023, making the ALJ's decision the final decision of the Commissioner.

Saddler then filed a complaint seeking judicial review under the Social Security Act in this Court. The issues for review include (1) whether the ALJ properly evaluated the medical opinion evidence, and (2) whether the appropriate remedy is remand for further review or for an immediate award of benefits. On November 22, 2023, Magistrate Judge Grasham issued her Report, recommending that the Court reverse the Commissioner's decision and remand the case for further proceedings.

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a de novo review. To the extent that no objections are made, arguments to the contrary are waived. See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1). In this case,

Petitioner filed objections and the Court has conducted a de novo review of those

portions of the Report as well as the record in this matter.

## ANALYSIS

Judge Grasham found in her Report & Recommendation that the ALJ

committed reversible error in failing to address the findings of the psychologist

consultants, Mack Stephenson, PhD, and Michael Dennis, PhD, "that [Saddler's]

impairments cause moderate limitations in his ability to understand and remember

detailed instructions, and his ability to sustain concentration and consistent pace,

and that Saddler is able to perform 1-2 step tasks." *R & R*, p. 6, Dkt. 22 (citing AR

79, 96, 106, 109-110, 116, 119-120)). Judge Grasham therefore found "that the

disability determination is not supported by the record and reversal is required." *Id.*

Both parties agree with this finding.

The disagreement arises with respect to the proper remedy. Saddler argues

that remand for an immediate award of benefits is proper. The Commissioner, on

the other hand, contends remand for further administrative proceedings is

necessary to allow the ALJ to reconsider the pertinent issues, reevaluate the

medical opinion evidence, further develop the record as necessary, and issue a new

decision. Judge Grasham agreed with the Commissioner and therefore

recommends remand for further proceedings. *Id.* at p. 9. Saddler objects to this

recommended remedy and renews his argument that remand for an immediate award of benefits is proper.

As the Report correctly notes, "[t]he decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion." *R&R.*, p.7, Dkt. 22 (citing *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000)). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)).

"More specifically," the Ninth Circuit has explained, "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Benecke*, 379 F.3d at 593 (citing *Harman*, 211 F.3d at 1178). In general, when the Court reverses an ALJ's decision "the proper course,

except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* at 595.

Here, the ALJ erred in evaluating the medical opinion by failing to address the State agency consultants' findings that Saddler, with his combination of severe impairments that included substance use disorders, could carry out and maintain concentration/persistence with one- and two-step tasks. *See* AR 74-101, 105-110. The ALJ found Dr. Stephenson and Dr. Dennis's findings persuasive but failed to acknowledge that their findings specifically limited Saddler to one- and two-step tasks. *See* AR at 21. Specifically, the ALJ's determination of Saddler's residual functional capacity (RFC) did not include this one- and two-step-task limitation; instead, the ALJ found that Saddler was limited to "simple and routine tasks" without specifying the number of steps. *Id.* The ALJ did not explain why the RFC finding differed from the Dr. Stephenson and Dr. Dennis's persuasive findings regarding Saddler's limitations. *See* AR 16-25.

The ALJ's failure to explain the deviations from Dr. Stephenson and Dr. Dennis's findings is "harmful error" because it altered the outcome of the case. All the potential step five occupations identified by the vocational expert require General Educational Development (GED) Reasoning Level 2. In the Ninth Circuit, there is an apparent conflict between an RFC of one-and two-step tasks and "the demands of Level Two reasoning." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d

996, 1002-1003 (9th Cir. 2015) (finding an apparent inconsistency between reasoning level 2 and a limit to 1-2 step instructions). The ALJ did not include the 1-2 step task limitation in the hypotheticals posed to the vocational expert or in the RFC. In response to questioning by Saddler's attorney, however, the vocational expert testified that no jobs would be available in the national economy that Saddler could perform if he were limited to two-step tasks. Had the ALJ adopted the psychologists' findings, he would have found Saddler disabled at Step Five. Therefore, as the Report found, and the parties agree, the disability determination is not supported by the record and reversal is required.

But this, as the Report correctly found, "does not end the disability inquiry or determine the appropriate remedy here." *R & R*, p. 8, Dkt. 22. Rather, as the Report found, further proceedings are needed to allow the ALJ to "determine whether [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535, 416.935. This analysis is known as "DAA," Drug Addiction and Alcoholism, and it is required *only if* the ALJ determines the claimant is disabled, and the medical evidence shows drug addiction and alcoholism. *Id.* ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability."). Thus, an ALJ must perform a DAA analysis before it

can be determined whether Saddler is disabled. *See* 42 U.S.C. § 423(d)(2)(C) (A claimant "shall not be considered disabled…if alcoholism or drug addiction would…be a contributing factor material to the…determination that the individual is disabled.").

The ALJ here did not perform the required DAA analysis because he did not find Saddler disabled at Step Five, as he should have if he properly credited Dr. Stephenson and Dr. Dennis's persuasive findings regarding Saddler's two-step limitations. In addition, because the vocational expert did not resolve the apparent conflict between a limitation to two-step tasks and the demands of Level Two reasoning, this Court "cannot determine whether substantial evidence supports the ALJ's step-five finding." *Rounds*, 807 F.3d at 1004 (citation and internal quotation marks omitted). Remand for further proceedings is therefore appropriate under the circumstances presented in this case. The Court will overrule Saddler's objections.

## ORDER

**IT IS ORDERED that:**

1. Petitioner's Objection to the Report & Recommendation (Dkt. 23) is **OVERRULED**.

2. The Report & Recommendation (Dkt. 22) is **ADOPTED IN ITS ENTIRETY** as the order of this Court.

DATED: March 28, 2024

B. Lynn Winmill
U.S. District Court Judge